DECISION
On November 19, 2001, relator, Anthony Moore, an inmate, filed a mandamus action seeking an order by this court to compel respondent, Judge Lisa Sadler, to proceed to judgment on relator's petition for post-conviction relief filed with the trial court pursuant to R.C. 2953.21.
Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings.
On December 7, 2001, respondent filed a Civ.R. 56 motion for summary judgment. In support of her motion, respondent submitted a certified copy of a judgment entry filed by the trial court on December 6, 2001, in which the court denied relator's petition for post-conviction relief.
The magistrate rendered a decision on March 13, 2002, finding that respondent had supported her motion for summary judgment with evidence indicating that respondent had performed the act that relator sought to compel, and thus concluding that respondent was entitled to summary judgment. (Magistrate's Decision, appendix A.) No objections were filed to the magistrate's decision.
Because the record contains evidence that the trial court eventually ruled upon relator's petition for post-conviction relief, the magistrate properly found that there are no genuine issues of material fact and that respondent is entitled to judgment as a matter of law. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. Respondent's motion for summary judgment is hereby granted and relator's petition for a writ of mandamus is denied.
Motion for summary judgment granted; relator's petition for writ of mandamus denied.
PETREE and LAZARUS, JJ., concur.
 APPENDIX A IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT
In this original action, relator, Anthony Moore, an inmate of the Noble Correctional Institution, requests a writ of mandamus ordering respondent, Judge Lisa Sadler, to proceed to judgment on relator's petition for post-conviction relief filed pursuant to R.C. 2953.21 in the Franklin County Court of Common Pleas.
Findings of Fact:
1. On November 19, 2001, relator, Anthony Moore, an inmate of the Noble Correctional Institution, filed this mandamus action in which relator asks this court to compel respondent, Judge Lisa Sadler, to proceed to judgment on relator's petition for post-conviction relief filed pursuant to R.C. 2953.21 in the Franklin County Court of Common Pleas.
2. On December 7, 2001, respondent filed a Civ.R. 56 motion for summary judgment. In support of her motion, respondent submitted a certified copy of her judgment entry filed December 6, 2001, which is captioned:
 Decision and Entry Overruling Defendant's Motion for Evidentiary Hearing, Overruling Defendant's Motion for Summary Judgment and Denying Defendant's Petition for Postconviction Relief.
3. The above-described document contains findings of fact and conclusions of law.
4. On December 11, 2001, the magistrate issued notice to the parties that respondent's motion for summary judgment was set for submission to the magistrate on January 4, 2002.
5. Relator has not responded to respondent's motion for summary judg-ment.
Conclusions of Law:
It is the magistrate's decision that this court grant respondent's motion for summary judgment.
Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
Civ.R. 56(E) states in part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Respondent has supported her motion for summary judgment with evidence indicating that respondent has performed the act which relator seeks to compel in this action. Relator has not responded to respondent's motion for summary judgment.
The magistrate finds that there is no genuine issue of material fact, that respondent is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion and that conclusion is adverse to relator against whom the motion for summary judgment is made, said relator being entitled to have the evidence construed most strongly in his favor.
Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.